The document below is hereby signed.

Signed: September 15, 2015



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| INCE ARIAS, | ) | Case No. 15-00461 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING
REQUEST FOR WAIVER OF THE PREPETITION CREDIT
<u>COUNSELING REQUIREMENT BASED UPON EXIGENT CIRCUMSTANCES</u>

On Exhibit D to the voluntary petition, the debtor has requested a temporary waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h) due to exigent circumstances. The debtor describes the exigent circumstances as "STOP FORECLOSURE." The debtor has now filed a credit counseling certificate reflecting that she obtained counseling on September 9, 2015, seven days post-petition. For reasons explained in more detail below, the court will deny the debtor's request for a waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h).

Section 109(h) of 11 U.S.C. provides that all individuals filing for bankruptcy must obtain an individual or group briefing

that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency during the 180-day period ending on the date of filing of the individual's petition.  11 U.S.C. § 109(h)(1).  Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that she requested credit counseling services from an approved non-profit budget and credit counseling agency before she filed her petition, but was unable to obtain the necessary services within seven days of the request, and (iii) the debtor's certification is satisfactory to the court.

This limited extension is available only to debtors who attempt to obtain credit counseling shortly before the petition date, who face some obstacle in obtaining that counseling, and who, due to emergency circumstances, must file their petition before the requested counseling can be completed.  Although a pending foreclosure may qualify as an exigent circumstance, the debtor here has not identified any attempt to obtain credit counseling prior to the filing of the petition, and the debtor's certification is thus unsatisfactory to the court.  Although the debtor has since obtained credit counseling, post-petition

counseling does not satisfy the prepetition credit counseling requirement of § 109(h).  It is thus

ORDERED that the debtor's request for a temporary waiver of the prepetition credit counseling requirement under 11 U.S.C. § 109(h)(3)(A) is DENIED.

[Signed and dated above.]


Copies to: Debtor; recipients of e-notifications of filings.